UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WILLIAMS, | No. 2:15-cv-1155 CKD P |
| Plaintiff, | |
| v. | ORDER |
| E. BAKER, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff asks the court to reconsider certain aspects of the court's August 26, 2015 screening order. Plaintiff's request will be granted to the extent he seeks leave to file an amended complaint.

With respect to the contents of his amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's Constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1

...

1     More specifically, with respect to plaintiff's Eighth Amendment claims, plaintiff is
2  informed that, under the Eighth Amendment, "prison officials have a duty to protect prisoners
3  from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994)
4  (internal quotation marks, ellipsis, and citation omitted).  However, "not . . . every injury suffered
5  by one prisoner at the hands of another . . . translates into constitutional liability for prison
6  officials responsible for the victim's safety." Id. at 834.  A prison official may be held liable for
7  an assault suffered by one inmate at the hands of another only where the assaulted inmate can
8  show that the injury is sufficiently serious, and that the prison official was deliberately indifferent
9  to the risk of harm. Id. at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting
10  with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious
11  damage to his future health." Id. at 834 (internal quotation omitted).  To be deliberately
12  indifferent, the "official must both be aware of facts from which the inference could be drawn that
13  a substantial risk of serious harm exists, and he must also draw the inference." Id.
14     Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
15  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
16  complaint be complete in itself without reference to any prior pleading.  This is because, as a
17  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
18  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
19  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
20  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
21     Accordingly, IT IS HEREBY ORDERED that:
22     1. Plaintiff's November 2, 2015 motion for reconsideration (ECF No. 17) is granted with
23  respect to plaintiff's request that he be granted leave to file an amended complaint.
24  /////
25  /////
26  /////
27  /////
28  /////

      2. Plaintiff is granted thirty days within which to file an amended complaint. If plaintiff does not file an amended complaint within 30 days, this action will proceed on the original complaint and pursuant to the terms of the court's August 26, 2015 screening order.

Dated: March 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
will1155.mta