1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WILLIAMS, | No. 2:15-cv-1155 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| E. BAKER, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He seeks leave to file a second amended complaint. In his motion, plaintiff asserts he wants to add the California Department of Corrections and Rehabilitation (CDCR) and the Office of the Director of CDCR as defendants.  However, state agencies and departments are entitled to immunity from suits for damages arising under federal law by the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 181-82 (1978). Therefore, leave to amend will not be granted. [1]

---

[1] Plaintiff indicates in his motion that one of the reasons he would like to add CDCR and the Director as defendants is because a CDCR official has indicated to defendant Delgado that CDCR will not satisfy any judgment entered against her in this case.  If plaintiff has a cause of action as to whether CDCR is responsible for satisfying judgment, that would be a claim arising under California law, and most likely would not accrue until CDCR refused to satisfy judgment. Regardless, plaintiff fails to point to any claim against CDCR or the Director upon which he can proceed at this time in this action.

1

Plaintiff also seeks appointment of counsel. The court cannot *require* an attorney to represent a plaintiff who cannot pay for the attorney's services. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, under the federal in forma pauperis statute, 28 U.S.C. § 1915, the court may *request* that an attorney represent a person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The court will make that request only when there are exceptional circumstances. When determining whether "exceptional circumstances" exist, the court considers, among other things, plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). While the court is aware of the difficulties attendant to litigating an action while incarcerated, circumstances common to most prisoners do not establish "exceptional circumstances." In the present case, the court does not find the required exceptional circumstances at this stage of these proceedings.

In her opposition to plaintiff's motion for the appointment of counsel, defendant Delgado asks that the court strike from the record certain information concerning settlement negotiations which is contained in and attached to plaintiff's motion. Because defendant Delgado fails to point to anything suggesting there is any reasonable chance any of the information identified by her will be used for some improper purpose, her request is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint (ECF No. 68) is denied;

2. Plaintiff's motion for the appointment of counsel (ECF No. 66) is denied.

3. Defendant Delgado's motion to strike made within her opposition to plaintiff's motion for the appointment of counsel (ECF NO. 67) is denied.

Dated: November 16, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
will1155.mta