UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WILLIAMS,<br><br>   Plaintiff,<br><br>  v.<br><br>E. BAKER, et al.,<br><br>   Defendants. | No. 2:15-cv-1155 MCE CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff is proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff's remaining claims arise under the Eighth Amendment against defendants Baker, Ramirez, and Delgado. Defendants Ramirez and Baker have filed a motion for summary judgment which has been joined by defendant Delgado. Defendants assert that plaintiff failed to exhaust administrative remedies before bringing this action as he is required to do under 42 U.S.C. § 1997(e)(a).

  In his amended complaint (ECF No. 21), plaintiff alleges that on December 2, 2013, he was stabbed by three inmates with weapons resembling ice picks. Plaintiff alleges the attack was the result of inmates obtaining information from defendants suggesting that plaintiff was a confidential informant regarding the potentially illegal acts of other prisoners.

  Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a).  Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete.  The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR).  Cal. Code Regs. tit. 15, § 3084.7.

The exhaustion requirement demands "proper" exhaustion.  Woodford v. Ngo, 548 U.S. 81, 90-91 (20016).  In order to "properly exhaust" administrative remedies the prisoner must generally comply with the prison's procedural rules throughout the administrative process.  Jones v. Bock, 218 U.S. 199, 218 (2006).

If undisputed evidence viewed in the light most favorable to the prisoner / plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  If there is at least a genuine issue of material fact as to whether there was proper exhaustion, the motion for summary judgment must be denied.  See Fed R. Civ P. 56(a).

After reviewing the parties' briefs, and the evidence attached thereto, it appears that plaintiff submitted two grievances in which plaintiff complained that the actions of correctional staff led to his being attacked on December 2, 2103.[1]  The first grievance, identified by the number 13-03274, was submitted by plaintiff on December 22, 2013.  ECF No. 40-4 at 22.  The grievance was initially rejected at the first level because plaintiff failed to identify the correctional officers or staff that provided the information to inmates which resulted in plaintiff being attacked.  Id. at 26.  In response to the notice of rejection, plaintiff indicated that it was defendant Baker who supplied inmates with confidential information.  Id.  The grievance was then accepted at the first level and referred to the Office of Internal Affairs.  Id. at 27.  Plaintiff was informed that if he wished to exhaust administrative remedies with respect to the issues in his grievance he still had to "appeal through all levels of appeal."  Id.  He was also told that, through the grievance

---

[1] Plaintiff attaches to his opposition evidence indicating he submitted several grievances which are at least somewhat related to the claims remaining in this action.  The grievances not addressed herein, however, do not directly concern any remaining claim.

2

1  on file, administrative remedies would not be deemed exhausted with respect to any issues against
2  persons other than defendant Baker. Id. Plaintiff filed an appeal to the second level which was
3  rejected on March 17, 2014 because plaintiff attempted to add new issues. Id. at 28. Plaintiff
4  submitted his appeal to the second level a second time refusing to delete any of the information he
5  added in his first submission. ECF No. 53 at 43. The appeal was rejected on June 2, 2014 for the
6  same reason it was rejected the first time. ECF No. 53 at 47. On June 12, 2014, plaintiff
7  submitted his appeal to the second level a third time, this time deleting all new issues raised. Id.
8  In response, the appeal was cancelled by the second level as untimely because the third
9  submission was not submitted within 30 days of the initial rejection, as required under 15 Cal.
10 Code Regs. 3084.6(c)(10). ECF No. 40-4 at 29.

11    As indicated above, in order to properly exhaust administrative remedies, a prisoner must
12 generally comply with all procedural rules during the grievance process including deadlines.
13 Woodford, 548 U.S. at 90-91. The cancellation of grievance 13-03274 at the second level was
14 the result of plaintiff's failure to comply with procedural rules which were made clear to him.
15 Because plaintiff fails to point to anything suggesting he should be excused from failing to
16 comply with any particular rule, the court finds that grievance 13-03274 did not serve to exhaust
17 administrative remedies with respect to any claim remaining in this action.

18    The second grievance, identified by the number 14-02400, was initially submitted on
19 August 13, 2014. In this grievance, plaintiff asserted that he was stabbed on December 2, 2013
20 due at least in part to defendants Baker and Delgado providing inmates with information
21 indicating plaintiff had informed correctional staff about an impending attack on Correctional
22 Officer Fong. ECF No. 40-4 at 16. On April 30, 2015 the grievance was cancelled at the third
23 level of review because it was not submitted within 30 days of plaintiff's being attacked as
24 required by 15 Cal. Code Regs. § 3084.8.[2] ECF No. 40-4 at 20. Again, prisoners generally must
25 comply with the procedural rules applicable to a prisoner grievance process, including deadlines,

---

[2] Plaintiff asserts that under 15 Cal. Code Regs. § 3391 he has one year to submit an appeal regarding employee misconduct. ECF No. 53 at 3-4. However, it is explicitly stated in that regulation that it does not apply to complaints brought by inmates.

Woodford, 548 U.S. at 90-91.  Because plaintiff fails to point to any reason why CDCR's enforcement of its deadline regarding the submission of grievances should not be respected, the court finds the grievance submitted August 13, 2014 did not properly exhaust administrative remedies with respect to any of the remaining claims in this action.

In conclusion, because undisputed evidence shows that plaintiff did not properly exhaust available administrative remedies with respect to his remaining claims before bringing suit, defendants' motion for summary judgment should be granted.[3]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 40) be granted;

2. Plaintiff's amended complaint be dismissed for failure to exhaust available administrative remedies prior to filing suit; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 28, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1] will1155.exh

---

[3] The court notes that on October 24, 2016, well after the completion of briefing with respect to defendants' motion for summary judgment, plaintiff filed a document in which he asks that the court consider three additional exhibits in support of his opposition.  Two of the attached exhibits, exhibits A and C, were already attached to plaintiff's opposition.  ECF No. 53 at 53 & 60-61. The court has considered exhibit B and finds that it is not material to the court's findings above.